Sigbert L. Wittenberg, Appellant, v. Spec-Toy-Culars Inc., Respondent.

No opinion. Present — Carswell, Acting P. J., Adel, Wenzel, MacCrate and Schmidt, JJ.

(March 17, 1952.)

In the Matter of the Estate of William D. Neumann, Deceased. Lillian E. Neumann, as Executrix of William D. Neumann, Deceased, Appellant; John Schnell, Respondent.— Present — Nolan, P. J., Carswell, Adel, Wenzel and Schmidt, JJ. Motion for reargument granted. On reargument, the decision of this court handed down January 21, 1952 (*ante*, p. 802), is amended to read as follows: Appeal by the executrix from a final decree made in a discovery proceeding in the Surrogate's Court, Queens County, dismissing appellant's petition on the merits and directing her to execute and deliver to respondent a deed conveying to him the interest which the decedent had in certain real property. Appellant's petition alleged that respondent had in his possession and refused to deliver certain rents of the premises involved, which rents were the property of the estate. Respondent alleged, by way of answer, that ownership of the decedent's interest in the premises had passed to him upon decedent's death by reason of an agreement under seal, executed by the decedent in 1933, in which decedent agreed to devise said interest to respondent. The agreement was set forth in full in respondent's bill of particulars. Apparently the parties agreed that there was no material issue of fact and submitted the controversy to the Surrogate for determination upon the facts alleged in the pleadings, and the Surrogate decided the questions presented as matters of law. Decree reversed on the law and the facts, without costs, and the proceeding remitted to the Surrogate's Court, Queens County, for a further determination after a hearing, at which the parties may introduce, if so advised, evidence which may be available and competent, bearing on the validity and effect of the agreement, executed by decedent, heretofore referred to. Although the learned Surrogate was justified, under the circumstances, in believing, as he evidently did, that there was no dispute between the parties as to decedent's intent, in executing the agreement, to convey or devise his entire interest in the property therein referred to, the agreement, if literally construed, does not express such an intent. Under the circumstances, and in the interests of justice, the questions presented should be examined in the light of such evidence as may be produced thereon. An amended order will be entered accordingly. Nolan, P. J., Carswell, Adel, MacCrate and Schmidt, JJ., concur.